## 12593.  Davis v. The State.

Bloodworth, J.   1.  The special ground of the motion for a new trial was based upon certain newly discovered evidence embraced in the affidavits of two witnesses, each of whom swore that about six o'clock in the morning he saw a person, not the defendant, go into a vacant building with a sack; one swearing that it contained "something in the shape of about a five-gallon keg or can," and the other swearing that the sack contained "something in the shape of a five-gallon keg or jug," and each swearing that the person went into a vacant store with this sack and its contents and in a short time came back without anything. Granting that the sack carried into the vacant building about six o'clock in the morning contained a vessel filled with the same whisky which was there in the afternoon, this would not show that in the afternoon the defendant was not in "possession, custody, and control" of the liquor, and would not, therefore, require the grant of a new trial.
2. There was some slight evidence authorizing the verdict; and the verdict having been approved by the trial judge, under the repeated and uniform rulings of this court and of the Supreme Court a reviewing court is powerless to interfere.   When the verdict is apparently decidedly against the weight of the evidence, the trial judge has a wide discretion as to granting or refusing a new trial; but when there is any evidence, however slight, to support a verdict which has been approved by the trial judge, this court is absolutely without authority to control the judgment of the trial court.   Barber v. State, 25 Ga. App. 242 (102 S. E. 879), and cases cited.

Judgment affirmed.   Broyles, C. J., and Luke, J., concur.

Decided November 16, 1921.

Accusation of possessing intoxicating liquor; from city court of Floyd county — Judge Nunnally.   June 1, 1921.

*Porter & Mebane,* for plaintiff in error.

*James Maddox, solicitor,* contra.

---

## 12594.  Crayton v. The State.

Broyles, C. J.   The motion for a new trial contains only the usual general grounds, and the court did not err in overruling it, as the evidence amply authorized the verdict.

Judgment affirmed.   Luke and Bloodworth, JJ., concur.

Decided November 16, 1921.

Accusation of violating liquor law; from city court of Sparta — Judge Lewis.   May 18, 1921.

*Wiley & Lewis,* for plaintiff in error.

*R. L. Merritt, solicitor,* contra.