### 14143. TATE *v.* THE STATE.

1. The city court of Floyd county is a constitutional city court. *Welborne* v. *State*, 114 *Ga.* 793 (40 S. E. 857); *Cone* v. *American Surety Co.*, 154 *Ga.* 841 (115 S. E. 481).
2. The several exceptions to excerpts from the charge of the court are without merit. The charge, when considered as a whole, is a fair and correct presentation of the law applicable to the issues made by the evidence, and is not justly subject to the criticism directed against it.
3. The alleged newly discovered evidence is not sufficient to require the grant of a new trial.

DECIDED MARCH 6, 1923.

Accusation of possession of liquor; from city court of Floyd county — Judge Nunnally. November 29, 1922.

*M. B. Eubanks, Porter & Mebane,* for plaintiff in error.

*James Maddox, solicitor,* contra.

BLOODWORTH, J. The defendant was charged with having in his " possession, custody, and control spirituous, alcoholic, malt, and intoxicating liquors." An officer testified: " In the back-yard of defendant, and about forty feet from the house, and buried in the ground, I found a gallon of whisky. Under a manure pile nearer the house I found three pints of whisky." In his statement the defendant denied any knowledge of the presence of the whisky on his premises. The jury returned a verdict of guilty, and the defendant made a motion for a new trial, several grounds of which were based on alleged errors in the charge, and one on newly discovered evidence. The motion for a new trial was overruled, and the defendant excepted.

1. The 1st and 2d headnotes need no elaboration.

2. The last ground of the amended motion is based on the alleged newly discovered evidence of W. D. Manning, who made affidavit that on the afternoon before defendant was arrested the next morning, he saw one Pate Anderson burying in the defendant's yard, a square can which would hold probably a gallon, and he (Manning) knocked on the defendant's door, which was locked;

and no one responded. The witness for the State did not say what kind of vessel contained the gallon of whisky which he found. However, conceding that the whisky found by the officer was the same that was buried by Anderson, the alleged newly discovered evidence would not require the grant of a new trial, because: . (a) It accounts only for the whisky in the can, and in no way accounts for the three pints found in the defendant's yard and nearer the house than where the can was buried. The evidence as to the three pints is sufficient to authorize the conviction of the accused. *Senior* v. *State,* 25 *Ga. App.* 541 (103 S. E. 730); *Lacount* v. *State,* 25 *Ga. App.* 767 (104 S. E. 920); *Osborne* v. *State,* 27 *Ga. App.* 272 (4) (198 S. E. 81); *Hendrix* v. *State,* 24 *Ga. App.* 56 (1) (100 S. E. 55). (b) It would not show that the defendant was not in " possession, custody, and control " of the liquor the next morning after the afternoon when it was buried by Anderson. See *Davis* v. *State,* 27 *Ga. App.* 571 (109 S. E. 549).

   *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*