## 14263.   USRY v. THE STATE.

The charge of the court as to the presumption arising from the finding of a still and things connected with it on land in the possession and control of the defendant, who was indicted for the offense of manufacturing intoxicating liquor, was not subject to the exceptions taken.

A verdict supported by some evidence and approved by the trial judge will not be interfered with by this court where no error of law was committed by him.

DECIDED APRIL 11, 1923.

Indictment for making liquor; from Lee superior court — Judge Worrill presiding.   December 9, 1922.

The instructions set out in the following decision were alleged to be error because they " authorized the jury to convict the accused upon the establishment of his ownership of the alleged still by presumptive evidence, and not beyond a reasonable doubt, conceding that all other elements of the offense had been legally proved;" because they encroached upon the province of the jury, in directing the jury as to what conclusion should be drawn from given facts stated; and because they " authorized the jury in believing that although third persons operated the alleged still, yet because they did so upon land in the possession and control of the defendant, and even though the jury might believe that he had no connection with such operations, yet the jury would be authorized in presuming and inferring that the still belonged to defendant although in the actual use of somebody else."

W. G. Martin, R. R. Forrester, for plaintiff in error.

Jule Felton, solicitor-general, contra.

BLOODWORTH, J.  1. For no reason assigned did the court err in charging the jury as follows: " Should you believe from the evidence in this case, beyond a reasonable doubt, that the defendant was in the possession and control of the land on which the still is alleged to have been found, upon the place known as the Jackson place,— I say if you believe the defendant was in possession and control of that land where the still is alleged to have been found, if you believe a still was found there; if you believe other paraphernalia was found there in connection with the still, such as oil, a stove, and such other things; if you believe they were used by somebody in connection with that still, you would be authorized to presume and to infer that such still belonged to him, the defendant.  If you believe there was liquor

found there, you would have the right to infer that it belonged to him. You would be warranted in presuming and inferring that the whole outfit and paraphernalia used in connection with the still, if it has been shown there was a still there, and such things as have been referred to in the evidence, for use in connection with such still, why then you would be warranted in presuming they were his. Such presumption is a rebuttable one. It is susceptible of explanation, and unless some explanation has been made or some evidence has been offered to rebut such presumption, then you would be warranted in presuming it was his."

2. There is some evidence to authorize the verdict, and, the verdict having been approved by the trial judge and no error of law having been committed, under repeated and uniform rulings of this court and of the Supreme Court a reviewing court is powerless to interfere.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*