18253.    EVANS *v.* THE STATE.

1. Although a juror has been found competent and has been accepted, under the provisions of Penal Code (1910), § 1004, the trial court is authorized, before any evidence has been submitted on the main issue, to put the juror on trial again as to his competency, if, subsequently to his acceptance, there has been brought to the attention of the court any evidence attacking his competency.

(a) The fact that the juror in this case "was examined touching his competency in the presence of his fellow jurors" was not such error as requires the grant of a new trial.

2. There was evidence to support the verdict, which was approved by the trial judge, and this court is powerless to interfere.

DECIDED JULY 26, 1927.

Involuntary manslaughter; from Laurens superior court— Judge Camp. May 4, 1927.

*N. L. Gillis Jr., J. S. Adams,* for plaintiff in error.

*Fred Kea, solicitor-general,* contra.

BLOODWORTH, J. 1. In the amendment to the motion for a new trial it is alleged that "after the jury had been impaneled in this case and sent to their jury room, the solicitor-general stated

to the court that information had come to him that one of the jurors who had qualified and had been accepted as a juror, if not directly, had indirectly used his efforts to keep down a bill of indictment in the case, and that he hoped to show that he heard the testimony on the former trial in this case, and in view of this information he desired to have the juror brought in and further questioned touching his qualification." It is further alleged that "the defendant objected to the further examination of the juror after he had qualified, had been accepted, and retired to the jury room," and further "objected to the juror being examined in the presence of the full panel of jurors who had been selected as fellow jurors with him to try said cause." We think that it can be very well concluded from the statement made by the solicitor-general that the information to which he called the court's attention had come to him since the juror had been accepted. Under the principle announced in *Hollon* v. *State,* 137 *Ga.* 86 (72 S. E. 949), the court did not err in allowing the investigation made as to the competency of the juror. See, in this connection, Penal Code (1910) § 1004; *Eberhart* v. *State,* 47 *Ga.* 598 (3); *Wesley* v. *State,* 65 *Ga.* 731 (3); *Lampkin* v. *State,* 87 *Ga.* 516 (7) (13 S. E. 523); *Warnack* v. *State,* 7 *Ga. App.* 73 (66 S. E. 393).

(*a*) We do not think that the fact that the juror "was examined touching his competency in the presence of his fellow jurors" was such error as requires the grant of a new trial.

2. "There was some slight evidence authorizing the verdict; and, the verdict having been approved by the trial judge, under the repeated and uniform rulings of this court and of the Supreme Court, a reviewing court is powerless to interfere. When the verdict is apparently decidedly against the weight of the evidence, the trial judge has a wide discretion as to granting or refusing a new trial; but when there is any evidence, however slight, to support a verdict which has been approved by the trial judge, this court is absolutely without authority to control the judgment of the trial court." *Toole* v. *Jones,* 19 *Ga. App.* 24 (90 S. E. 732). See also *Tate* v. *State,* 30 *Ga. App.* 35 (116 S. E. 541); *Usry* v. *State,* 30 *Ga. App.* 180 (117 S. E. 108); *Williams* v. *State,* 24 *Ga. App.* 53 (2) (99 S. E. 711).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*