## 59396. WHITE v. THE STATE.

SOGNIER, Judge.

White was convicted in the Superior Court of Gwinnett County of attempted theft by taking.

1. Appellant contends the trial court erred by allowing the state, over objection, to reopen voir dire examination and exercise a peremptory challenge after a jury had been selected. Code Ann. § 59-809 provides, in pertinent part: "When a juror shall have been found competent . . . no other or further investigation before triors . . . shall be had, *except upon newly-discovered evidence to disprove his answer* or to show him incompetent . . . which may be heard by the judge *at any time before any of the evidence* on the main issue shall be submitted; and if the juror shall be proved incompetent, the judge may order him withdrawn from the jury and cause another juror to be selected . . ." (Emphasis supplied.) The language of this statute is clear and unambiguous, and the factual situation in this case falls squarely within the situation envisaged by the statute. The prosecuting attorney discovered, after the jury was selected but before it was sworn, that a juror who had not answered when the prospective jurors were asked if any of them knew the defense counsel or had been represented by him did, in fact, know the defense counsel, who had represented the juror's son in a criminal case. The prosecuting attorney immediately brought these facts to the judge's attention. A hearing was held and the juror acknowledged that she knew the defense counsel. The trial court then allowed the state a peremptory challenge against the juror and

a new juror was selected. It is clear that such a procedure is authorized. *Holton v. State,* 137 Ga. 86 (1) (72 SE 949) (1911); *Evans v. State,* 37 Ga. App. 156 (139 SE 156) (1927). Accord, *Clemon v. State,* 218 Ga. 755, 759 (5) (130 SE2d 745) (1963).

2. The errors alleged in enumerations of error 2 and 3 were not raised at trial. It is well settled that this court will not consider questions raised for the first time on appeal. *Sanders v. State,* 134 Ga. App. 825 (216 SE2d 371) (1975).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

Submitted February 6, 1980 — Decided May 5, 1980.

*James C. Carr, Jr.,* for appellant.

*Bryant Huff, District Attorney, Johnny R. Moore, Assistant District Attorney,* for appellee.