### 6169.  REAGAN v. THE STATE.

Rented premises are, during the continuance of the lease or rent contract, legally within the control and possession of the tenant, and are not to be considered the "place of business" of the landlord, so as to come within the exception named in the act of 1910 (Acts 1910, p. 134), which prohibits a person from having a pistol in his manual possession "outside of his own home or place of business."

DECIDED MAY 17, 1915.

Indictment for carrying pistol; from Miller superior court—Judge Worrill.  October 28, 1914.

*W. I. Geer,* for plaintiff in error.

*B. T. Castellow, solicitor-general, R. R. Arnold,* contra.

RUSSELL, C. J.  As aptly put by counsel for the plaintiff in error, the only point insisted upon in this case is that it is not unlawful for a landlord to have in his manual possession a pistol, without having taken out a license therefor, on the land or in a house rented to and occupied by his tenant.  The defendant subleased or subrented to one Emory Colson a house and a part of certain land under an enclosure, which the defendant had previously rented or leased from other parties.  The tenant was living in the house and was cultivating the portion of the land rented to him.  The remainder of the land in the same field was being cultivated by the defendant.  The defendant made no statement at the trial, and it is undisputed in the evidence that he did have a pistol in his manual possession in the house above referred to, which the tenant at the time occupied as a residence.  It was contended that this was not a violation of the law, and that the premises described were a part of the defendant's "place of business."

It has been uniformly held in Georgia that during the continuance of a lease, the sole right to the possession, use, and enjoyment of the leased premises is vested in the tenant.  This court has given to the act under which the defendant was convicted (Acts 1910, p. 134) a very liberal construction, but a case exactly similar in facts to this has never before been before this court.  To hold that under the facts here presented a conviction could not be legally had would, to our minds, be giving the law an unreasonable construction.  The cases relied upon by counsel are totally different from the present case.  In the case of *Coker* v. *State,* 12 *Ga. App.* 425 (76 S. E. 103, 991), the defendant had a pistol on a farm

of which he was "in charge as an overseer;" it was his place of business. In *Miller* v. *State, 12 Ga. App.* 479 (77 S. E. 653), the defendant had a pistol on a farm on which he was "employed as a farm laborer," his place of business. In *Franklin* v. *State, 12 Ga. App.* 483 (77 S. E. 653), the defendant was on a farm where "he lived and worked, and which he owned in common with others," his home and place of business. The rented premises described in the present case certainly can not be said to be the defendant's home or his place of business. He had no possession, nor did he have a right of possession (at that time) of the premises occupied by his tenant; nor had he any right to the use and enjoyment thereof so long as the tenancy existed. The tenant had the right of exclusive use and possession,—it was both his home and his place of business, and the defendant had no right to enter to carry a pistol there during the life of the tenancy. It was a violation of the law. If it had been made to appear that there was some special contract, whereby the defendant reserved the right and privilege of superintending or controlling or overseeing the premises, a different question would be presented.　　　　　*Judgment affirmed.*