## S94A0581. RHODES v. THE STATE.
### (441 SE2d 748)

CARLEY, Justice.

Appellant was tried before a jury and found guilty of malice murder and possession of a firearm during the commission of a crime. He was given a life sentence on the murder count and a consecutive five-year sentence on the possession of a firearm count. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.[1]

1. The evidence was sufficient to authorize a rational trier of fact to find proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. On the first day of trial, appellant was initially brought into the courtroom while wearing leg shackles. "[A]fter he had taken twelve steps at the most," the trial court observed the shackles and ordered that they be removed immediately. During subsequent voir dire, appellant's counsel did not inquire whether any of the prospective jurors had actually seen appellant while he was shackled or, if they had, whether the momentary appearance of appellant in shackles would engender any bias against him. After jury selection, however, a motion for mistrial was made, predicated upon the shackling of appellant. The trial court denied the motion for a mistrial, but did offer to give curative instructions. However, appellant's counsel declined this offer. The denial of appellant's motion for a mistrial is enumerated as error.

"Absent justifying circumstances, the defendant normally should not be seen by the jury handcuffed in the courtroom or courthouse." *Gates v. State*, 244 Ga. 587, 593 (2) (261 SE2d 349) (1979). The State does not contend that there were any "justifying circumstances" for the shackles to have remained on appellant while he was in the courtroom. Compare *Kitchen v. State*, 263 Ga. 629 (1) (436 SE2d 645) (1993). However,

> "[t]he failure, through an oversight, to remove shackles from a prisoner for a short time after proceedings have commenced, or any technical violation of the rule prohibiting shackling, not prejudicial to him, is not ground for a new trial . . . ."

*Starr v. State*, 209 Ga. 258, 260 (5) (a) (71 SE2d 654) (1952).

---

[1] The crimes were committed on April 4, 1992. Appellant was indicted on October 29, 1992 and found guilty on January 22, 1993. His motion for new trial was denied on November 17, 1993 and his notice of appeal was filed on December 15, 1993. The appeal was docketed in this court on January 18, 1994 and was submitted for decision on March 18, 1994.

In the instant case, the trial court "immediately ordered the [shackles] removed." *Haden v. State*, 176 Ga. 304, 309 (6) (168 SE 272) (1933). Compare *Mapp v. State*, 197 Ga. App. 7 (397 SE2d 476) (1990). Appellant's counsel made no effort to determine on voir dire whether the momentary "technical violation of the rule prohibiting shackling" may have had any prejudicial effect on the prospective jurors. See *Hicks v. State*, 256 Ga. 715, 719 (9) (352 SE2d 762) (1987). It was not until after the jury had already been selected that the issue was first raised. Compare *Haden v. State*, supra at 308 (6). Under these circumstances, the trial court was authorized to find that a mistrial was not warranted and that curative instructions would suffice. See *Starr v. State*, supra at 260 (5) (b). However, the trial court's offer to give curative instructions was declined. Compare *Mapp v. State*, supra. There was no error in denying appellant the mistrial upon which he chose to insist.

3. After the jury had been selected and sworn but before the State had called its first witness, a short recess was taken. During that recess, one of the jurors approached counsel for the State and asked why the death penalty was not being sought. The juror was told only that his inquiry could not be answered. Counsel for the State immediately reported this incident to the trial court and appellant's counsel. Upon being so apprised, appellant's counsel moved to strike the juror for cause. The trial court denied this motion, but did allow appellant's counsel to reopen voir dire for the purpose of determining whether there was a basis for striking the juror. A request that this reopened voir dire be conducted outside the presence of the other jurors was denied. At the conclusion of the reopened voir dire, counsel for appellant indicated to the trial court that she was satisfied. Afterwards, however, the motion to strike the juror for cause was unsuccessfully renewed.

On appeal, appellant does not contend that the colloquy between the juror and counsel for the State was such as to evidence an irrebuttable presumption of prejudice and that the motion to strike the juror for cause should have been granted. See *Hardy v. State*, 242 Ga. 702, 704 (3) (251 SE2d 289) (1978). Compare *Lamons v. State*, 255 Ga. 511 (340 SE2d 183) (1986). The sole assertion is that the trial court, having allowed voir dire to be reopened so as to question the juror with regard to his possible prejudice against appellant, erred in denying the request that the reopened voir dire be conducted outside the presence of the other jurors.

> After a juror has been found competent, no other or further investigation before triers or otherwise shall be had, provided that newly discovered evidence to disprove the juror's answer or to show him incompetent may be heard by the judge at

any time before the prosecuting counsel submits any of his evidence in the case.

OCGA § 15-12-167. Pursuant to this statute, the trial court correctly allowed appellant to reopen voir dire as to the qualification of the juror. However, there is no statutory provision which requires that voir dire be conducted outside the presence of the other jurors. Rather,

> "[t]he granting of sequestered voir dire is within the discretion of the court, and a showing of prejudice from denial is necessary to show an abuse of discretion. [Cits.]" [Cit.] [Appellant] has shown no prejudice from the denial of sequestered voir dire . . . .

*Finney v. State*, 253 Ga. 346, 347 (2) (320 SE2d 147) (1984). As in *Evans v. State*, 37 Ga. App. 156, 157 (1) (a) (139 SE 156) (1927), "[w]e do not think that the fact that the juror 'was examined touching his competency in the presence of his fellow jurors' was such error as requires the grant of a new trial."

*Judgments affirmed. All the Justices concur, except Hunt, C. J., and Hunstein, J., who concur in the judgment only.*

DECIDED APRIL 18, 1994.

*Elizabeth C. Calhoun, Richard O. Ward*, for appellant.
*Daniel J. Craig, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Assistant Attorney General*, for appellee.