## A96A1307. ANDREWS v. THE STATE.
(473 SE2d 247)

BIRDSONG, Presiding Judge.

Angelo Antonio Andrews appeals his conviction of one count of armed robbery by use of a handgun and two counts of financial transaction card fraud. He enumerates five errors. *Held*:

1. Appellant contends the trial court denied him the right of fair trial by restricting cross-examination and closing argument as to his primary theory of defense.

(a) The scope of a thorough and sifting cross-examination and the scope of permissible closing argument rest within the sound discretion of the trial court. *Bennett v. State*, 265 Ga. 38, 41 (4) (453 SE2d 458); *Grady v. State*, 212 Ga. App. 118 (1) (441 SE2d 253). Appellant was 17 years old at the time the offenses were committed. Appellant's counsel apparently attempted to introduce and argue certain matters for purposes of showing that because of appellant's youthfulness "he could be viewed as being in a special category, on the edge of juvenile and adulthood" so the jury could determine, under the totality of the circumstances and based on its "common knowledge and experience," the voluntariness of his confession. Specifically, appellant asserts that the following matters were those which were restricted from exploration by cross-examination and argument: (a) how the interrogating officer would treat the situation if the suspect were 16 rather than 17 years old; (b) whether the officer attempted to contact appellant's parents; (c) whether the officer explained that if the offenses were admitted, the State would not have to prove certain facts against him; and (d) whether there was any information or explanation given to appellant concerning the penalty for the offenses if admitted.

The trial court refused to allow inquiry as to why an officer would treat a 16-year-old differently than a 17-year-old during interrogation or how anyone younger than age 17 is treated during interrogation, determining that the treatment of 16-year-old juveniles was not relevant.

(We note the record reflects the State elicited testimony from the detective who *Mirandized* and interrogated appellant that during the interrogation process he "decided . . . that both [appellant and his companion] were juveniles, more or less. The law puts them in an adult status, but they . . . seemed real young, so I decided to go ahead and get a taped statement from them.")

Appellant was age 17; the rules pertaining to interrogation of juveniles (ages 16 and under) were not relevant as correctly ruled by the trial court. The trial court should exclude irrelevant matter. OCGA § 24-2-1. Appellant has failed to show the trial court breached its discretion in restricting this line of cross-examination and argu-

ment.

(b) Appellant also contends that the trial court erred in limiting his closing argument as to the above matters, as a major part of his defense was jury nullification. Examination of the record reveals that appellant requested jury nullification in the form of a return of a not guilty verdict as to armed robbery based on appellant's inability to articulate any motive for the offense. In seeking jury nullification, appellant's counsel argued in part that "I can't find a good reason to give you. I can only say it is almost as if the circuits were shortened. It's almost as if he were just like my daughter of [three] years old because he couldn't give an answer. . . . I'm asking you to find him not guilty of the crime of armed robbery. . . . I wish that there was some way I could beg it and give it more substance and give it more meat. . . . I am asking you not to find him guilty of armed robbery. . . . I'm saying if you must find him guilty of something, find him guilty of one count of credit card fraud." While a jury does have a de facto power of nullification, i.e., the power to acquit the defendant regardless of the strength of the evidence against him, it also has a duty to convict if the evidence proves the defendant guilty beyond a reasonable doubt. See *Miller v. State*, 260 Ga. 191, 196 (13) (391 SE2d 642). A trial court can correctly refuse to charge the jury on the principle of nullification. *Briard v. State*, 188 Ga. App. 490, 494 (7) (373 SE2d 239). This being so and considering the duty of a jury under *Briard*, supra, it would appear that a trial court in its discretion could preclude a defendant from making a nullification argument to the jury, as such would be inconsistent with their duty to convict in those instances where the evidence proves defendant guilty beyond a reasonable doubt and would be potentially confusing to them; jury nullification in the face of such evidence is at best a windfall to a defendant and not a right. In this case, however, a form of nullification argument was made to the jury. Considering the latitude given appellant in his closing argument, we find no error as claimed.

2. The trial court did not err in failing to grant appellant's written request to charge on the lesser included offense of simple robbery. *Martin v. State*, 213 Ga. App. 146 (444 SE2d 103), citing *Williams v. State*, 191 Ga. App. 913, 915 (4) (383 SE2d 344); see *James v. State*, 210 Ga. App. 454 (2) (b) (436 SE2d 565). Uncontradicted evidence of record shows either the completed offense of armed robbery or no offense; such evidence will not support a verdict for one of the lesser grades of the charged offense. Id.

3. The victim recounted in great detail the events surrounding the robbery, including appellant's threats, profanity, and manner of employing the pistol; the victim "got an extremely good look" at appellant whose face was unobstructed; and he looked at appellant

"eyeball-to-eyeball for about 10 seconds." Applying the factors listed in *Martin v. State*, 193 Ga. App. 581 (1) (388 SE2d 420), we find the victim's out-of-court and in-court identifications of appellant were not based on an impermissibly suggestive photographic lineup and were admissible in evidence. Under the totality of the circumstances, we find that the victim's in-court identification also had independent origin. See generally *Phillips v. State*, 204 Ga. App. 698 (2) (420 SE2d 316).

4. Appellant contends the trial court erred by admitting in evidence certain written and oral statements made by appellant, as those statements were illegally obtained and not freely and voluntarily given. This enumeration is without merit.

The arresting officer interrogated appellant as to certain matters, without giving a *Miranda* warning; the trial court suppressed any testimony by this officer as to any statements appellant may have made while in her custody. The trial court ruled that certain of defendant's statements to the arresting officer, including those pertaining to the gun and the robbery offense, although not the product of direct questioning, arose as "the officer was asking questions that created the atmosphere of an interrogation." Thus, although convinced these particular statements were "spontaneous" and made by appellant "while not being questioned or interrogated," the trial court, out of an abundance of caution and considering the totality of the circumstances, also suppressed these statements. The trial court declined to suppress as fruit of the poisonous tree evidence gathered after appellant's conversation with the arresting officer.

Responding to a call from Rich's in reference to a complaint of credit card fraud, the arresting officer took appellant and another person into custody and searched them. The arresting officer, without giving a *Miranda* warning, asked the two young men a series of questions, including whose wallets they had, where they found the wallet containing the credit cards, where the wallets were found, whether they knew the persons whose credit cards they were using, and why appellant had $866 in cash on his person. Appellant and his companion were then placed formally under arrest and taken to the patrol car. While in the car, the arresting officer asked whether the men had a car parked in the area and proceeded to ask questions regarding the status of the vehicle. The arresting officer transported appellant and his companion to the site of the companion's car, and there initiated a computer check to determine if it was stolen. While awaiting the computer check results, appellant asked if he could say something and the arresting officer indicated he could. Appellant then told her there was a weapon in his companion's car inside a black bag, that his companion previously had dropped him off at LaVista Road and arranged to pick him up later, and that he had

thereafter robbed an unknown person. The arresting officer called her sergeant who notified the investigating detective; this was the first information the detective received regarding appellant's crimes. The detective took appellant to police headquarters for questioning and, before commencing interrogation, gave appellant the requisite *Miranda* warnings. Appellant elected to waive his right to silence and to an attorney, and gave statements to the investigating detective which also led to the ultimate retrieval of the weapon used in the armed robbery.

No error occurred by the admission in evidence of the statements which appellant gave to the detective after appellant's waiver of his *Miranda* rights; the admitted statements were not the fruit of the previous statements ruled inadmissible due to a *Miranda* violation. The trial court inherently found that appellant's subsequent statements made to the interrogating detective were freely and voluntarily given after he received a proper *Miranda* warning and that appellant waived his right of silence and right to counsel.

Additionally, " 'although *Miranda* requires that the unwarned admissions must be suppressed, the admissibility of any subsequent statement turns on whether the statement was knowingly and voluntarily made.' " *Vaughan v. State*, 210 Ga. App. 381, 384 (3) (b) (436 SE2d 19), citing *Oregon v. Elstad*, 470 U. S. 298, 309 (105 SC 1285, 84 LE2d 222). We find that appellant's subsequent statements made to the detective and admitted in evidence were knowingly and voluntarily given. Accordingly, any claim that these admitted pretrial statements were rendered inadmissible through application of the exclusionary rule also is without merit.

As to the statements made to the arresting officer regarding the gun and appellant's robbery of an unknown person, the trial court expressly found these statements were spontaneous and given when appellant was not being questioned or interrogated by the arresting officer. We agree and also find from the totality of the circumstances that these voluntary statements were freely and voluntarily given. " '[I]n Georgia the exclusionary rule does not apply to evidence derived from a voluntary statement obtained without the benefit of *Miranda* warnings.' " *Vaughan*, supra at 384 (3) (b), citing *Reinhardt v. State*, 263 Ga. 113, 115 (4) (428 SE2d 333). The physical evidence seized during the search of the car of appellant's companion was not tainted fruit under the exclusionary rule as such evidence, at most, was derived from appellant's spontaneous and voluntary statement. See *Livingston v. State*, 264 Ga. 402, 408 (6) (444 SE2d 748). Appellant has not asserted that the evidence seized from the automobile of his companion violated appellant's Fourth Amendment rights. He is correct in having abandoned any such claim. See generally *Banks v. State*, 262 Ga. 190, 192 (5) (415 SE2d 634). Further, " '[w]hen the

properly admitted evidence to sustain a guilty verdict is overwhelming so as to negate the possibility that the tainted evidence contributed to the verdict, the constitutional error may be harmless.'" *Green v. State*, 187 Ga. App. 373, 374 (1) (370 SE2d 348); see *Morrill v. State*, 216 Ga. App. 468, 472 (5) (454 SE2d 796).

5. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which he was found guilty. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED JULY 8, 1996.

Tony L. Axam, for appellant.
J. Tom Morgan, District Attorney, Fran W. Shoenthal, Desiree S. Peagler, Assistant District Attorneys, for appellee.