## A96A1167. ELY v. THE STATE.

(475 SE2d 647)

BLACKBURN, Judge.

Ely appeals his conviction for carrying a concealed weapon[1] on the ground that OCGA § 16-11-126 permits an owner to carry a concealed weapon on his rental property.

1. Although Ely admits carrying a gun in his pocket, he asserts that the trial court erred in denying his motion for directed verdict on the firearms charge because, according to statute, he was entitled to carry a concealed weapon at the time of the incident.

Pursuant to OCGA § 16-11-126, it is generally illegal to carry a revolver or other concealable firearm outside of one's home, motor vehicle or place of business. Ely asserts that he did not violate this statute because, at the time of the incident, he was carrying the firearm in his "place of business." The incident occurred in the parking area next to one of two mobile homes that Ely rented to tenants. The issue of whether rental property may constitute its owner's "place of business" for purposes of a firearms crime was considered in *Reagan v. State*, 16 Ga. App. 369 (85 SE 353) (1915).

In *Reagan*, the defendant carried a pistol onto premises he rented to a tenant and was convicted of a crime which prohibited a person from having a pistol in his possession " 'outside of his own

---

[1] Ely was indicted on one count of aggravated assault, one count of possession of a firearm during the commission of a crime and one count of carrying a concealed weapon. He was acquitted of the first two counts and found guilty of carrying a concealed weapon.

home or place of business.'" We determined that a landlord's possessory interest in the rental property — not the fact that he derived income from the property — determined whether the property could be considered his "place of business." Consequently, in the absence of any evidence that the defendant retained some right to control or oversee the premises, we upheld the conviction, stating that "[i]t has been uniformly held in Georgia that during the continuance of a lease, the sole right to the possession, use, and enjoyment of the leased premises is vested in the tenant. . . . The rented premises described in the present case certainly can not be said to be the defendant's home or his place of business. He had no possession, nor did he have a right of possession (at that time) of the premises occupied by his tenant; nor had he any right to the use and enjoyment thereof so long as the tenancy existed. The tenant had the right of exclusive use and possession . . . and the defendant had no right to enter to carry a pistol there during the life of the tenancy."

Similar to *Reagan*, in the present case, no evidence was presented that Ely retained any special right to control or oversee the leased premises. The incident took place in the parking area of the rental home, an area that was clearly subject to the tenant's control. As his tenant had possession of the rental property, Ely cannot claim that the property was his place of business. Accordingly, the exception found in OCGA § 16-11-126 is inapplicable to Ely's case, and the trial court did not err in denying Ely's motion for a directed verdict.

2. Ely asserts that the trial court erred in failing to instruct the jury that one cannot be found guilty of carrying a concealed weapon in "his place of business." Based on our reasoning in Division 1, above, Ely's rental property could not be considered his place of business. Therefore, the evidence did not justify this charge, and the trial court did not err in failing to give it.

3. Ely asserts that the trial court erred in the manner in which it responded to questions from the jury. During its deliberations, the jury provided a note to the trial court asking: (1) whether rental property is considered a business, and (2) whether the property on which a home or business is located is considered part of the home or business.[2] On the very same note sent by the jury, the trial court marked the answer to both questions as "no." Further, the trial court instructed the bailiff returning the note that "[i]f they don't understand N-O, tell me what part of it they do not understand." We find

---

[2] While the jury did not receive a formal charge on the inapplicability of OCGA § 16-11-126 to one who is carrying a concealed weapon in his home or at his place of business, these exceptions to the statute were addressed in the indictment which was sent out with the jury during its deliberation.

no reversible error in the way the trial court handled the jury's request for clarification.

As outlined in Division 1, above, the trial court correctly answered the jury's first question. As to the jury's second question, on appeal Ely has offered no authority or argument as to why the trial court's answer was erroneous and has thereby abandoned the alleged error. See *Magnan v. Miami Aircraft Support*, 217 Ga. App. 855, 856 (1) (459 SE2d 592) (1995); see also Court of Appeals Rule 27 (c) (2).

Ely asserts that the trial court's comments, made in conjunction with its answers, invaded the province of the jury by impermissibly commenting on the evidence. OCGA § 9-10-7 provides in pertinent part that "[i]t is error for any judge, during the progress of any case, or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved."

"To obtain a reversal of his conviction, an appellant must show both error and harm." *Gregg v. State*, 216 Ga. App. 135, 137 (453 SE2d 499) (1995). Ely has failed to carry this burden with regard to the alleged prejudicial nature of the trial court's comments. First, the record reveals that these comments were directed to the bailiff. It does not reveal that they were directed to the jury or even heard by the jury. Even assuming that they were, the trial court's comments could easily be viewed as welcoming the jury to ask for further clarification if the trial court's written answers did not resolve their confusion and to be specific as to what portion of their multi-part question remained unclear.

In light of the above, we find this enumeration to be without merit.

4. Ely asserts that the evidence was insufficient to support his conviction. Ely admitted and various witnesses testified that he had a revolver in his pocket. Ely's wife testified that at the time Ely left to speak to the tenants, the gun was not visible. We find this evidence sufficient to permit a rational trier of fact to find beyond a reasonable doubt that Ely was carrying a concealed weapon. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED JULY 24, 1996 —
RECONSIDERATION DENIED SEPTEMBER 3, 1996.

*Jerome C. Ware*, for appellant.
*Stephen F. Lanier, District Attorney, Emory B. Thompson, Assis-*

*tant District Attorney*, for appellee.

