A97A0493. THOMAS v. THE STATE.
(487 SE2d 75)

Judge Harold R. Banke.

Terry Lewis Thomas was convicted of four counts of armed robbery, kidnapping with bodily injury, kidnapping, attempted murder, aggravated assault on a peace officer, theft by receiving, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. He was sentenced as a recidivist to five consecutive life sentences and seventy years without parole. He enumerates nine errors.

These charges arose when Thomas and two co-defendants robbed the Commercial Bank. *Price v. State*, 222 Ga. App. 655, 657

(2)' (475 SE2d 692) (1996) (evidence on appeal must be viewed in a light most favorable to the verdict). After forcing four bank employees to hand over money at gunpoint, the men fled in a stolen truck. A police officer who immediately responded to the bank's silent alarm observed a dye bomb go off in the truck's bed as it left the parking lot. The officer radioed for assistance and pursued the pickup as its occupants fired shots at him. Eventually, the men stopped the pickup and fled into some woods. Other officers and a tracking dog converged on the area, and all three men were apprehended. Thomas was particularly noticeable due to his large stature. As the dog tracked Thomas, police found a ski mask, a dye-spotted bundle of money, a wet sweatshirt, and a revolver. After the dog subdued Thomas, police recovered a semi-automatic pistol and over $40,000. *Held*:

1. We reject Thomas' contention that reversal is required because he was escorted into the courtroom by deputies during voir dire and one potential juror who was not selected caught a glimpse of Thomas outside the courthouse in handcuffs. The juror denied mentioning this sight to the other jurors.

Without question, juries should not be permitted to view criminal defendants while they are circumscribed by such indicia of guilt as handcuffs or uniformed security personnel absent justifying circumstances. *Rhodes v. State*, 264 Ga. 123 (2) (441 SE2d 748) (1994). However, a brief, inadvertent violation of this rule is not ground for a new trial absent proof of prejudice. Id.

Here, the need for careful security was clear. Thomas, a very large individual with a prior conviction for aggravated assault, fired at police and threatened to kill an officer after his apprehension. There is no evidence that Thomas was restrained during trial. The juror who saw Thomas in handcuffs outside the courthouse denied that his presumption of innocence was affected by the sight. Under these circumstances, we cannot say that the trial court abused its discretion in refusing to strike the panel or the juror for cause. See *Holland v. State*, 197 Ga. App. 496, 497 (2) (398 SE2d 810) (1990); accord *Elliott v. State*, 253 Ga. 417, 421-422 (320 SE2d 361) (1984); see also *Ely v. State*, 222 Ga. App. 651, 653 (3) (475 SE2d 647) (1996) (defendant's burden to show harm and error).

2. The trial court did not err in refusing a request to voir dire the dog handler outside the jury's presence. In requesting to voir dire the dog handler, Thomas failed to indicate why voir dire was necessary and did not object to the handler's testimony. Compare *O'Quinn v. State*, 153 Ga. App. 467, 469-470 (1) (265 SE2d 824) (1980); see *Allison v. State*, 217 Ga. App. 580, 582 (2) (459 SE2d 557) (1995). Nor has Thomas indicated how the refusal of his request for voir dire harmed him. *Ely*, 222 Ga. App. at 653 (3).

3. We reject Thomas' contention that the dog handler's testimony

should have been stricken for lack of foundation. The record shows that a backup officer testified without objection about the circumstances leading to Thomas' capture, including the dog's actions. In addition, the handler testified about his own qualifications and the dog's tracking, training, experience, and pedigree, substantially satisfying the requirements of *Bogan v. State*, 165 Ga. App. 851, 853 (3) (303 SE2d 48) (1983). Thomas has not specified how that testimony was deficient or how it harmed him. *Ely*, 222 Ga. App. at 653 (3). In any event, even if the foundation for the handler's testimony was inadequate, the backup's testimony rendered its admission harmless. See *Vincent v. State*, 264 Ga. 234, 235 (442 SE2d 748) (1994).

4. The State's failure to provide Thomas with an investigator's written statement that he "fiddled" with an inoperable firearm the Crime Lab returned and succeeded in firing it is not grounds for reversal. Proof the gun was functional was not required on the weapons charges, and the record shows that Thomas and his co-defendants possessed other firearms. *Smith v. State*, 214 Ga. App. 631, 633 (4) (448 SE2d 906) (1994); *Bryant v. State*, 169 Ga. App. 764 (1) (315 SE2d 257) (1984); see OCGA § 16-11-131 (a) (2). Thus, Thomas failed to establish that this testimony harmed his case. See *Moon v. State*, 194 Ga. App. 777, 779-780 (3) (392 SE2d 19) (1990).

5. The trial court's admission of incriminating statements Thomas made after invoking his right to counsel does not require reversal. It is elementary that once the accused invokes his right to counsel, custodial interrogation must cease. *Wilson v. State*, 264 Ga. 287, 289 (2) (444 SE2d 306) (1994). But interrogation under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), extends to questions, words, and actions "other than those normally attendant to arrest and custody" reasonably likely to elicit an incriminating response. *Syfrett v. State*, 210 Ga. App. 185, 186 (3) (435 SE2d 470) (1993).

The record shows that Thomas requested a lawyer immediately after he was read his *Miranda* rights and the investigators then limited their inquiries to the usual questions attendant to arrest and custody. When two detectives subsequently attempted to obtain gunshot residue samples from Thomas' hands, one of them made what could be interpreted as a taunting, sarcastic remark or, from a review of a cold record, could be viewed as a question not framed to elicit incriminating information.[1] See *Smith v. State*, 264 Ga. 857,

---

[1] After one of the detectives noticed Thomas was bleeding from the dog bites and asked Thomas whether he had AIDS, Thomas responded, "you should have thought about that before you put that dog on me. . . . I was just laying in the woods minding my own business and they . . . put a dog on me." The detective responded, "so you were just lying in the woods . . . minding your own business not bothering anybody." Thomas then stated, "Yeah I f---ked

859 (3) (452 SE2d 494) (1995) (inquiries necessary to determine whether defendant posed a threat do not constitute interrogation). Under these circumstances, we cannot say that the trial court clearly erred in finding that Thomas' inculpatory statement was voluntary and not initiated by the detective. *Simmons v. State*, 266 Ga. 223, 226 (3) (466 SE2d 205) (1996) (standard of review). In any event, because the evidence against Thomas was so overwhelming, the admission of his statement, if error, was harmless beyond a reasonable doubt. See *Harrington v. California*, 395 U. S. 250, 254 (89 SC 1726, 23 LE2d 284) (1969); see also *LaRue v. State*, 137 Ga. App. 762, 764 (2) (224 SE2d 837) (1976).

6. We reject Thomas' contention that reversal is required based on the trial court's refusal to instruct the jury that it was the judge of both the law and the facts. Pretermitting whether this decision was error, the record shows that the jury was told prior to trial that after receiving instructions on the applicable principles of law, its job was to apply the law to the facts. In addition, the trial court charged the jury that it was the sole judge of the facts of the case. Because these instructions substantially convey the principles in the requested charge, reversal is inappropriate. *Smith v. State*, 222 Ga. App. 366, 371 (5) (474 SE2d 272) (1996).

7. This same principle applies to Thomas' contention that the trial court erred in refusing to give his charge on circumstantial evidence. The record shows that the circumstantial evidence charge the jury received substantially tracked that included in Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, p. 12 (2nd ed. 1991). Any variation in the language was a mere slip of the tongue which did not detract from the accuracy of the charge as a whole. *Moak v. State*, 222 Ga. App. 36, 40 (4) (473 SE2d 576) (1996). The instruction given imparted the same principles Thomas requested. Id.

8. The trial court properly declined to charge the jury on (1) pointing a pistol (as a lesser included offense of attempted murder and aggravated assault on a police officer); (2) discharging a weapon on a public street (as a lesser included offense of attempted murder and aggravated assault); and (3) robbery (as a lesser included offense of armed robbery of one of the tellers). The accused "is not entitled to a charge on a lesser included offense where the evidence establishes without dispute the commission of the greater offense charged. [Cits.]" *Stafford v. State*, 187 Ga. App. 401, 402 (1) (370 SE2d 646) (1988).

Here, the undisputed evidence of aggravated assault on a police

up. I robbed the bank, but that doesn't give y'all the right to put that dog on me. I should have taken some of you m---rf--s out when I had the chance."

officer, attempted murder, and armed robbery was overwhelming. The record shows that as the getaway truck pulled away from the bank, the pursuing officer saw a co-defendant inside the truck and Thomas, who was riding in the bed, holding guns and heard shots fired in his direction. The men fired again as they ran from the truck. This fact renders OCGA § 16-11-102 (pointing a pistol) inapplicable. See *Rhodes v. State*, 257 Ga. 368, 369-370 (5) (359 SE2d 670) (1987); see also *Rowe v. State*, 266 Ga. 136, 139 (3) (464 SE2d 811) (1996). Because the evidence in support of the requested instructions under OCGA §§ 16-11-102 and 16-11-103 shows either the completed offenses of attempted murder and aggravated assault on a police officer or the commission of no offense, the charge was not required. *Andrews v. State*, 222 Ga. App. 129, 130 (2) (473 SE2d 247) (1996); see *Hawkins v. State*, 262 Ga. 193, 194 (3) (b) (415 SE2d 636) (1992). The record clearly shows that the robberies were committed at gunpoint and Thomas did not deny he was armed, precluding the necessity of a charge on robbery by intimidation. Compare *Edwards v. State*, 264 Ga. 131, 132 (442 SE2d 444) (1994).

9. Thomas' contention that the State commented on his failure to testify during closing argument is not supported by the record. On the contrary, the State reminded the jury that it was required to follow the law on a defendant's right not to testify. The State then argued that it had presented hundreds of exhibits of showing guilt and rhetorically asked, "Where is the evidence of innocence?"

In his brief, Thomas also claims this question improperly shifted the burden of proof. We decline to reach this contention. Statements in the briefs cannot enlarge or alter the scope of review to include issues not reasonably contained in the enumeration of error. *Jabaley v. Jabaley*, 208 Ga. App. 179, 180 (2) (430 SE2d 119) (1993).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED MAY 13, 1997.

 Before Judge James.

*Jill L. Anderson, Steven W. Reighard*, for appellant.

*David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.