## A98A1559. OSBORN v. THE STATE.
(504 SE2d 74)

ELDRIDGE, Judge.

On October 27, 1993, the defendant, Houston Wayne Osborn, was convicted by a jury of: (1) Count 1, aggravated assault by placing a knife at Donna Osborn's (his wife) throat, and (2) Count 2, aggravated assault by charging toward Michael Osborn (his son) with a knife and pointing a knife at his throat.[1] The defendant was sentenced to twenty years, to serve ten years, with the balance on probation on each count to run concurrently.

The defendant filed a motion for new trial on November 8, 1993. An amended motion for new trial was filed on November 24, 1997. After a hearing, the defendant's motion for new trial was denied on January 6, 1998. It is from this order that the defendant appeals. Without challenging the sufficiency of the evidence, the defendant enumerates four errors of law. We find each of these enumerations without merit and affirm.

On August 29, 1993, the defendant's son went to his parents' home with his roommate, Steven Pierce, to work on his truck. While he was there, his parents got into an argument about the presence of pets in the house and the resulting hair in the defendant's food. The defendant began throwing items that were within his reach at the wall. While the defendant was berating his wife, he took a knife and hit the door frame with the blade.

As the defendant's son left the house, the defendant walked in a fast pace up to his son, put the knife to his throat and threatened to "cut him." When the defendant's wife attempted to intercede on their

---

[1] The defendant also was indicted in Counts 3, 4, and 5 for aggravated assault and in Count 6 for criminal attempt to commit murder. All of these counts arose from the defendant allegedly firing a pistol at Michael Osborn. However, the jury returned a verdict of not guilty on these counts of the indictment.

son's behalf, the defendant grabbed her and held the knife to her throat.

The son got a gun from his truck, approached the defendant and requested that the defendant leave his mother alone. The defendant and the son began struggling over possession of the gun. The defendant gained possession of the gun. The gun was fired three times. The first shot went through the son's hand and hit the trailer. The second and third shots were blank.

1. In his first enumeration of error, the defendant alleges that the trial court erred in refusing to grant a mistrial when the defendant's son testified that the defendant had been in prison.

During cross-examination of Michael Osborn by the defense, the following testimony was given by the witness. "Q: Did you go to Colorado first? When did you go to Colorado? A: It's been several years ago. I'm not — Q: How long ago? A: It's been several years. I'm not sure right off the top of my head. It's been quite awhile. We did go to Colorado before we went to Wyoming. Q: Who'd you go with? A: I went with my mother, my brother, and my father. Q: How long did you stay out there? A: Well, we stayed there about a year and a half. Q: And your father went with you? A: No, sir. I was mistaken. He was in prison there. So we left here to go to there to see him."

The defense attorney did not object at this time to the witness' response about the defendant being in jail. The following day, the defense counsel made a motion for a mistrial based on the unresponsive answer of Michael Osborn about the defendant being in prison. The trial court denied the motion for mistrial but offered to give a corrective charge. The defense attorney refused the corrective charge, asserting that it would draw more attention to the statement.

"[T]he decision of whether to grant a mistrial is within the sound discretion of the trial court and his ruling will not be disturbed absent an abuse of discretion. [Cit.]" *Buxton v. State*, 253 Ga. 137, 139 (3) (317 SE2d 538) (1984). "There was no error in denying the motion for mistrial after the defendant declined curative instructions." (Citation omitted.) *Collins v. State*, 229 Ga. App. 210, 213 (493 SE2d 592) (1997); *Fitzgerald v. State*, 193 Ga. App. 76, 78 (386 SE2d 914) (1989).

Further, the defendant's objection to the witness' response and motion for mistrial was not timely made. "In order to raise on appeal contentions concerning admissibility of evidence the specific ground of objection must be made at the time the evidence is offered, and a failure to do so will be considered as a waiver. All evidence is admitted as a matter of course unless a valid ground of objection is interposed." (Citations and punctuation omitted.) *Doughty v. State*, 175 Ga. App. 317, 321 (333 SE2d 402) (1985). "It is well-settled in this state that it is too late to urge objections to the admission of evidence

after it has been admitted without objection." (Citations and punctuation omitted.) *Howell v. State*, 179 Ga. App. 632, 635 (347 SE2d 358) (1986).

2. In two enumerations of error, the defendant asserts that the trial court erred in admitting a statement made by the defendant while he was incarcerated because it was not provided to the defense prior to trial pursuant to the provisions of former OCGA § 17-7-210, and it was intended for his attorney and, therefore, privileged under the attorney-client privilege.

On a Sunday, about three weeks prior to trial, the defendant's wife went to visit the defendant at the jail. The defendant gave a document to Mrs. Osborn that he had written which purported to be Mrs. Osborn's statement of what had occurred, asked her to recopy the document in her own handwriting, sign the document and have it notarized, and give it to his attorney. The defendant then placed the document in an envelope with his attorney's name on the outside of the envelope. Mrs. Osborn testified that the defendant addressed the envelope to his attorney "so that he could give — so they wouldn't open it and go through it in the visiting room if they found it when he handed me his dirty clothes."

Mrs. Osborn testified that she refused to recopy the document and sign her name to it because "I'm not going to sign something that's going to perjure me because that's not my — the way I saw things. That's not the way it happened, and I'm not going to write something that's not in my own words — and what happened that's not true." At some point after the document came into Mrs. Osborn's possession, she went by defense counsel's office and told defense counsel that the defendant had written a document for her to sign and have notarized. Mrs. Osborn further testified that a few days before trial, she met with the prosecutor and told him about the document. At such time, she gave the statement to the State.

(a) Former OCGA § 17-7-210, now repealed, applies to this matter, as it was docketed prior to January 1, 1995. See Ga. L. 1994, p. 1895, § 13. Under former OCGA § 17-7-210, if a defendant makes either a written or oral statement while in custody, the defendant is entitled to a copy of any statement and a written summary of all relevant and material portions of an oral or partially oral statement at least ten days prior to trial, if a timely proper demand is made under the statute. OCGA § 17-7-210 (e) provides that "[t]his code section shall not apply to evidence discovered after a request has been filed. If a request has been filed, such evidence shall be produced as soon as possible after it has been discovered."

The document in question in this case was not, however, an in-custody statement made by the defendant, but was a document which the defendant prepared for his wife to sign which purported to

be the statement of his wife about the way the altercation and assault occurred — according to the defendant. Under the plain wording of the statute, the defendant is only entitled to copies of statements made *by him* while in police custody. This Court, in *Williams v. State*, 202 Ga. App. 728, 729 (415 SE2d 327) (1992), found that the defendant was not entitled to a copy of the letter he wrote to the victim's mother while he was in jail and held that "[a] letter voluntarily written to a party other than the state or law enforcement officers is prima facie not a 'statement given by defendant while in police custody' which is subject to OCGA § 17-7-210." (Punctuation omitted.) Likewise, in this case, the defendant was not entitled to a copy of a document he prepared while in jail for one of the victims to sign stating what that victim purportedly observed.

(b) "Communications to any attorney or to his employee to be transmitted to the attorney pending his employment or in anticipation thereof shall never be heard by the court." OCGA § 24-9-24. "It is axiomatic that the [attorney-client] privilege belongs to the client, not the attorney." (Citation and punctuation omitted.) *Moclaire v. State*, 215 Ga. App. 360, 363 (451 SE2d 68) (1994). Therefore, the attorney-client privilege can be waived by the client. *Mikart v. Marquez*, 211 Ga. App. 209 (438 SE2d 633) (1993). A communication made to an attorney "with the intention of having this communication imparted to the opposite party, can not be considered a confidential communication between client and attorney." (Citation and punctuation omitted.) *Griffin v. Williams*, 179 Ga. 175, 178 (175 SE 449) (1934). The defendant's act of delivering the document to his wife who was one of the victims, requesting her to read the document, rewrite it in her own handwriting, sign the document, and have it notarized prior to giving it to his attorney is certainly a waiver of the attorney-client privilege.

3. Finally, the defendant argues that the trial court erred in failing to grant a new trial because two of the State's witnesses, Michael and Donna Osborn, perjured themselves on the stand at trial. "The law is settled that a post-trial declaration by a State's witness that his former testimony was false is not a ground for a new trial." (Citations and punctuation omitted.) *Brown v. State*, 209 Ga. App. 314, 316 (433 SE2d 321) (1993). Accordingly, the trial court did not err in denying the defendant's motion for a new trial on this ground.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JULY 2, 1998.

*Kathleen J. Anderson*, for appellant.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.