## A04A2267. VASSER v. THE STATE.
### (612 SE2d 543)

PHIPPS, Judge.

In the first portion of a bifurcated jury trial, Gilbert Vasser was convicted of two counts of aggravated assault, driving under the influence of alcohol, driving with a suspended license, and fleeing and attempting to elude a law enforcement officer. Vasser was then tried and convicted of two counts of possession of a firearm by a convicted felon. Vasser claims that the trial court erred by allowing the jury to hear his videotaped statement to police officers, made after he had requested an attorney. We agree that the trial court erred by admitting the statement, but find the error harmless. Therefore, we affirm.

The incident giving rise to the charges against Vasser was an altercation at the apartment of his former girlfriend. He shot into her apartment at approximately 1:00 a.m. on August 9, 2002, and then led police officers on a car chase before he was arrested. After he was taken into custody, Vasser submitted to a breath test, which showed that he had been driving with an illegal alcohol concentration.

At a *Jackson-Denno*[1] hearing, Investigator Mike Howell testified that he conducted a videotaped interview of Vasser shortly after 3:00 a.m. on August 9. At the beginning of the interview, Howell read Vasser his *Miranda*[2] rights from a preprinted form.

> HOWELL: It says before we ask you any questions, you must understand your rights. You have the right to remain silent. Do you understand that one?
>
> VASSER: (Nodding head.)
>
> HOWELL: Anything you say can and will be used against you in a court of law. Do you understand that one?
>
> VASSER: (Nodding head.)
>
> HOWELL: You have the right to talk to a lawyer and have him present with you while you are being questioned. Do you understand that one?
>
> VASSER: That's what I want. I want a lawyer.
>
> HOWELL: Okay. Let me get through, okay? If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning if you wish. Do you understand that one?
>
> VASSER: (Nodding head.)
>
> HOWELL: You can decide at any time to exercise these

---

[1] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).
[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

rights and not answer any questions or make any statements. Do you understand that one?

VASSER: (Nodding head.)

HOWELL: I've already went through this one. It says do you understand each of these rights that I have explained to you, and you've indicated that you do. Having these rights in mind, do you wish to speak to me now without an attorney?

VASSER: It doesn't matter. I don't have nothing to hide.

HOWELL: Okay. Do you want to talk to me without an attorney?

VASSER: Yeah. It doesn't matter.

At that point, Howell began questioning Vasser about the events that had taken place earlier that morning and the night before.

During the interview, Howell performed a gunshot residue test. While the test was being performed, Howell, Vasser, and Investigator Bala, who was present throughout the interview, discussed several different topics. Vasser asked when he would be able to go home, when the results of the gunshot residue test would be back, and whether he would be released on bond. The investigators asked questions about Vasser's background and his relationships with his former and current girlfriends. They told Vasser that several witnesses could testify about him shooting into his former girlfriend's apartment and that they just wanted to know the truth about what happened.

At one point, Vasser asked, "After I beat this case, can I be a policeman, an investigator or something?" Bala asked if Vasser thought he would pass the background check and Vasser said that he would. Howell then asked, "Tell me about that armed robbery up in St. Louis." Vasser responded, "I did that." That portion of the videotape was played to the jury during Vasser's trial on the charges of possession of a firearm by a convicted felon.

In *Edwards v. Arizona*,[3] the United States Supreme Court held that "when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights." The Court further held that once an accused has expressed his desire to deal with the police only through counsel, he "is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates

---

[3] 451 U. S. 477, 484 (II) (101 SC 1880, 68 LE2d 378) (1981).

further communication, exchanges, or conversations with the police."[4]

In *Smith v. Illinois*,[5] the United States Supreme Court reviewed a similar situation. Smith was arrested and advised of his *Miranda* rights. When Smith was advised that he had the right to consult with a lawyer, he responded, "Uh, yeah. I'd like to do that."[6] The officer finished reading Smith his *Miranda* rights, then asked Smith if he would like to speak to him without an attorney. Smith agreed to talk to the officer at that point. The Court held that Smith's request for counsel was not indecisive or ambiguous and that his postrequest responses to further interrogation could not be used to cast doubt on the clarity of his initial request.[7]

Similarly, Vasser clearly invoked his right to counsel while being advised of his *Miranda* rights, and his later responses to Howell's continued interrogation about whether he was willing to talk without an attorney cannot be used to cast doubt on the clarity of his initial request.[8] Vasser was therefore not subject to further interrogation without the presence of counsel, unless he initiated further conversation with the investigators. The state claims that Vasser did just that when he asked the investigators if he could become a police officer.

In *Oregon v. Bradshaw*,[9] a plurality of the United States Supreme Court clarified what it means for an accused to "initiate" further conversation. The Court held that an inquiry or a statement that can be fairly said "to represent a desire on the part of an accused to open up a more generalized discussion relating directly or indirectly to the investigation" will generally "initiate" a conversation in the sense in which that word was used in *Edwards*,[10] whereas routine inquiries, such as a request for a drink of water or a request to use a telephone, would not be said to "initiate" a conversation in the same sense.

Vasser's question about whether he could become a police officer, although made while the gunshot residue test was being conducted, was made during the same interrogation in which he invoked his right to counsel.[11] Based on our review of the videotape, we conclude

---

[4] Id. at 484-485.

[5] 469 U. S. 91 (105 SC 490, 83 LE2d 488) (1984).

[6] (Emphasis omitted.) Id. at 93 (I).

[7] Id. at 97-100.

[8] See id. at 100; *Allen v. State*, 259 Ga. 63, 66-67 (1) (a), (b) (377 SE2d 150) (1989); *Nobles v. State*, 191 Ga. App. 594, 595-596 (1) (a) (382 SE2d 637) (1989).

[9] 462 U. S. 1039 (103 SC 2830, 77 LE2d 405) (1983).

[10] Id. at 1045.

[11] See *Rhode Island v. Innis*, 446 U. S. 291, 302 (100 SC 1682, 64 LE2d 297) (1980) (the term

that Vasser's question did not represent a desire on his part to open a more generalized discussion about the investigation.[12] We therefore find that there was no valid waiver of Vasser's right to counsel, and his in-custody statement should have been suppressed.[13]

Under the circumstances of this case, however, the trial court's error was harmless. Vasser's videotaped statement was admitted during the second phase of his bifurcated trial, which addressed only the charges of possession of a firearm by a convicted felon. The jury had found him guilty of the other charges during the first phase of the trial, in which they did not see and hear the statement. Thus the statement had no impact on their verdict on those charges.

Before the videotape was played during the second phase of the trial, the state introduced a certified copy of the first degree robbery conviction mentioned in the videotape. We find that Vasser's admission on the videotape that he had committed the robbery for which the jury already knew he had been convicted did not contribute to the verdict on the second phase firearm possession charges and was, therefore, harmless beyond a reasonable doubt.[14]

*Judgment affirmed. Johnson, P. J., and Smith, P. J., concur.*

DECIDED MARCH 21, 2005.

*Mary Erickson*, for appellant.
*David McDade, District Attorney, Christopher R. Johnson, Assistant District Attorney*, for appellee.

---

"interrogation" extends to words or actions on the part of police officers that they should have known were reasonably likely to elicit an incriminating response).

[12] See *Taylor v. State*, 274 Ga. 269, 272 (1) (553 SE2d 598) (2001) (where defendant's statement was videotaped and there are no additional relevant facts, the trial court's application of the law to the undisputed facts is subject to de novo appellate review).

[13] See *Anderson v. State*, 228 Ga. App. 617, 619 (1) (b) (492 SE2d 252) (1997).

[14] See *Thomas v. State*, 226 Ga. App. 441, 444 (5) (487 SE2d 75) (1997); cf. *Anderson*, supra at 619 (1) (c).