## 67057. BRYANT v. THE STATE.

POPE, Judge.

Appellant was convicted of the offenses of possession of a firearm by a convicted felon (Count I), driving under the influence of alcohol (Count II), and fleeing and attempting to elude a police officer (Count III). The present appeal arises only from the conviction on Count I.

1. Appellant first contends that the trial court erred in denying his motion for directed verdict of acquittal and subsequent motion for new trial based upon an asserted insufficiency of evidence to prove appellant's possession of a firearm. The applicable statute, OCGA § 16-11-131 (Code Ann. § 26-2914), prohibits possession of a firearm by a convicted felon. Subsection (a)(2) defines the term "firearm" to include "any handgun, rifle, shotgun, or other weapon which will or can be converted to expel a projectile by the action of an explosive or electrical charge." Appellant's argument essentially propounds the necessity for testimony by a qualified ballistics expert to prove that the instrument at issue is presently capable of firing or that it could be converted for such use. In support, appellant points to federal statutes defining various categories of firearms in terms of operability. See 18 USCA App. § 1202 (c)(3), (5), (6) and (7). However, we decline to interpret OCGA § 16-11-131(a) (Code Ann. § 26-2914) to require such showing. We do not believe that the legislature contemplated the necessity of proving the operability of the instrument where it is shown that the convicted felon possessed any of the weapons listed within the statutory definition of firearm.

The state presented uncontradicted evidence in the form of the testimony of Officer Brown, the arresting officer, that while appellant was being handcuffed, he reached into his back pocket, whereupon Brown held appellant's arms while Officer Pritchett, the assisting officer, checked appellant's pocket. Brown stated that Officer Pritchett removed from appellant's pocket a handgun, a .38 calibre RG derringer. The question before the jury was, thus, whether or not appellant possessed a handgun, a firearm under OCGA § 16-11-131(a) (2) (Code Ann. § 26-2914). The unrebutted testimony showed that he did and the jury was authorized to so find. See *Castle v. State,* 165 Ga. App. 128 (299 SE2d 424) (1983). We find no error in

the trial court's denial of appellant's motion for directed verdict and for new trial.

2. Appellant next assigns error to the state's references to appellant's previous felony conviction. We note initially, and appellant concedes, that "proof of the previous felony conviction was a necessary element of the State's proof under [OCGA § 16-11-131 (Code Ann. § 26-2914)], and that introduction of evidence of that previous conviction during trial of the issue of guilt was not error." *Prather v. State,* 247 Ga. 789, 790 (279 SE2d 697) (1981). Upon introduction of appellant's previous conviction without objection, the jury was properly instructed that the conviction was to be considered only in relation to Count I. During the state's closing argument, appellant objected to references to the previous firearms violation conviction as being offered to prove a pattern, scheme, or motive of firearms violations. The transcript does not include closing argument by the state, only the portion containing the objection at issue. However, in overruling the objection, the trial court explained that the jury had already been charged on the use to which the evidence of the previous conviction was limited. Moreover, the jury was again instructed in this regard prior to retiring for deliberations. In light of the limiting instructions given by the trial court, we find no error sufficient to provide a basis for reversal. See generally *Biggers v. State,* 162 Ga. App. 163 (2) (290 SE2d 159) (1982).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JANUARY 16, 1984 —
REHEARING DENIED FEBRUARY 7, 1984.

*Harold E. Gill, Jr.,* for appellant.
*Arthur E. Mallory III, District Attorney, Robert H. Sullivan, Assistant District Attorney,* for appellee.