### A89A0906. ELLIOTT v. THE STATE.
(387 SE2d 18)

BIRDSONG, Judge.

Larry Wayne Elliott was convicted of burglary of a pawn shop. His appeal centers upon the asserted insufficiency of the evidence, which was mainly circumstantial, to support the verdict or to support a jury charge on "parties to a crime," which charge appellant contends allowed the jury to convict him despite the insufficiency of the evidence to convict him of the crime itself. *Held*:

The evidence in this case showed that in the early morning hours of March 1, 1987, a police officer came upon appellant's Volkswagen stranded in the mud, directly across the street from the pawn shop. The officer saw appellant wave down a white van; the van pulled behind the Volkswagen and its occupants appeared to be about to assist appellant in extracting his vehicle from the mud. Before the officer could assist them, however, he heard the burglar alarm go off at the pawn shop and, after radioing for backup assistance, went to the pawn shop.

The backup officer examined appellant's driver's license but did not identify the occupants of the van, whom appellant apparently knew; he told them all to leave in the van when he determined appellant had been drinking.

Examination of the scene revealed tire tracks embedded about four inches into the mud behind the store, and footprints leading to the two places where access to the rear of the store had been attempted. The tire tracks lead to the front of the store, where the shop was entered, and then proceeded directly across the road, turned around, and then ended exactly where the Volkswagen was stuck in the ditch. An examination of the tire tracks at the pawn shop showed they were an identical match to the tires on appellant's vehicle. A sledge hammer, crowbar and two gloves were found smashed in the mud a few feet from where appellant's vehicle was stranded; footprints in the mud led directly from his car to that spot, and back to the car. Footprints from the car continued up a bank of dirt off the road to a spot where four rifles, a radio and three pistols were found; these items were identified as having come from the pawn shop.

This evidence alone is such that "immediately points to the question at issue" (OCGA § 24-1-1 (3)), as to nearly qualify as direct evidence. As merely circumstantial evidence, however, it clearly and forcefully "tends to establish [the fact that appellant was involved in the burglary] by proof of various facts, sustaining by their consistency the hypothesis claimed." OCGA § 24-1-1 (4). The only question remaining not directly answered by the facts proved was whether the person and vehicle who made the circling tire tracks and footprints around the pawn shop, to its smashed door and also to two other places of attempted entry, was the burglar of the store. This issue could be reasonably resolved by the evidence of footprints leading directly from appellant's stranded vehicle, off the road, and to two areas where burglary tools and stolen items were hidden in the mud.

All of the evidence is such that a reasonable trier of fact could rationally have found proof of appellant's guilt of burglary, beyond a reasonable doubt and to the exclusion of every other hypothesis. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). It well supports a jury charge as to "parties to a crime," and supports a verdict found thereunder.

As for whether there was any other reasonable hypothesis from this evidence save that of appellant's guilt in participating in the burglary, the jury is always the arbiter of what is a *reasonable* hypothesis. *Townsend v. State*, 127 Ga. App. 797, 799 (195 SE2d 474); see *Mercier v. Mercier*, 46 Ga. 643.

The jury found no reasonable hypothesis other than guilt and, viewing the evidence in the light most favorable to its findings, neither do we. Appellant certainly was not entitled to a directed verdict, the jury charge was not erroneous and prejudicial, and the verdict of guilt is well supported.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 26, 1989.

*Bagby & Bagby, Lee Henley*, for appellant.

*William A. Foster III, District Attorney, Blanchette C. Holland, Assistant District Attorney*, for appellee.