## S92A0134. SMITH v. THE STATE.
(414 SE2d 653)

Weltner, Presiding Justice.

David Smith shot and killed David Burch with a handgun. He was convicted by a jury of murder and possession of a firearm during the commission of a crime, and was sentenced to life imprisonment and a term of years.[1]

1. We have reviewed Smith's claims of error. We hold that the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); and there was no error in the trial of the case that warrants a new trial, or other substantial relief.

2. The trial court assessed to Smith costs for the deputy clerk, the bailiffs, the jurors, and the out-of-state subpoenaed witnesses, pursuant to OCGA § 17-11-1.[2] In *Walden v. State*, 258 Ga. 503 (371 SE2d 852) (1988), we held that costs for jurors and bailiffs are not taxable to criminal defendants. Hence, the costs assessed to Smith for jurors and bailiffs must be stricken.

*Judgment affirmed with direction. Clarke, C. J., Bell, Hunt, Benham and Fletcher, JJ., concur.*

Decided February 27, 1992 —
Reconsideration denied March 18, 1992.

*C. Jackson Burch*, for appellant.
*Spencer Lawton, Jr., District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf, Staff Attorney*, for appellee.

---

[1] The homicide occurred on June 29, 1987. Smith was indicted on September 2, 1987. He was found guilty on February 27, 1988, and was sentenced on April 13, 1988. His motion for new trial was filed on May 2, 1988, amended on December 14, 1989, and January 2, 1990, and denied on September 27, 1991. A notice of appeal was filed on October 8, 1991. The appeal was docketed on October 28, 1991, and submitted without oral argument on December 13, 1991.

[2] OCGA § 17-11-1 provides:
The costs of a prosecution, except the fees of his own witnesses, shall not be demanded of a defendant until after trial and conviction. If convicted, judgment may be entered against the defendant for all costs accruing in the committing and trial courts and by any officer pending the prosecution. The judgment shall be a lien from the date of his arrest on all the property of the defendant. The clerk shall issue an execution on the judgment against the property.