A99A2519. KIDD v. THE STATE.
(526 SE2d 916)

ELLINGTON, Judge.

Following a jury trial, Andrew Roy Kidd was convicted of burglary, OCGA § 16-7-1, and possession of tools for the commission of crime, OCGA § 16-7-20. Kidd appeals from the trial court's denial of his motion for new trial, challenging the denial of his motion for mistrial and arguing the general grounds. For the reasons which follow, we affirm.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The jury's verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Kovacs v. State*, 227 Ga. App. 870-871 (1) (490 SE2d 539) (1997). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed in the light most favorable to support the verdict, the evidence reveals that an employee of Silver Platter Catering Company arrived for work to find a U-Haul truck backed up to the rear door of the business. The employee saw a man run out of the door and jump into the truck. As the truck drove away, the employee followed in her

---

[9] See generally *Woodall v. Rivermont Apts., L.P.*, 239 Ga. App. 36 (520 SE2d 741) (1999).

car and called the police using a cellular phone. The employee followed the truck continuously until the police stopped it about 25 minutes later. Kidd was seated in between two other men in the cab of the truck. On Kidd's lap was a box containing a mixer taken from Silver Platter that morning. The police found several tools commonly used to commit burglaries in the cab of the truck and other items stolen from Silver Platter in the back of the truck. Kidd admitted being in the truck at the scene of the burglary.

1. Kidd contends that the verdict was contrary to the law and to the evidence because he did not enter the burglarized premises and there was no evidence he intended to participate in the burglary.

> While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.

(Citation and punctuation omitted.) *Mosier v. State*, 223 Ga. App. 75, 76 (476 SE2d 842) (1996). Although Kidd denied having the box with the mixer in his lap, the jury was authorized to believe the officer's testimony that Kidd was holding the box. *Elliott v. State*, 193 Ga. App. 49, 50 (387 SE2d 18) (1989). From Kidd's admitted presence at the scene of the burglary and his physical possession of stolen property, the jury could infer that Kidd intended to participate in the burglary. *Mosier*, 223 Ga. App. at 76. Reviewing the evidence in the light most favorable to the jury's verdict, this Court finds that the evidence was sufficient to persuade a rational trier of fact that Kidd was guilty of burglary beyond a reasonable doubt. *Jackson*, 443 U. S. at 307.

2. Kidd contends that the trial court abused its discretion in denying his motion for a mistrial. Kidd contends that his co-defendant's character was impermissibly placed in issue. Although the co-defendant's counsel moved for a mistrial, however, Kidd's own counsel did not join the motion or separately seek a mistrial on the basis that the co-defendant's character had been placed in issue. Accordingly, the issue was not preserved for review with regard to Kidd's conviction. *Ashford v. State*, 271 Ga. 148, 149 (2) (518 SE2d 420) (1999).

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 14, 1999.

*Robert A. Maxwell*, for appellant.

*Patrick H. Head, District Attorney, Frank R. Cox, Debra H. Bernes, Maria B. Golick, Assistant District Attorneys*, for appellee.