S99G0903. SMITH v. THE STATE.
(526 SE2d 59)

BENHAM, Chief Justice.

Before Charles Christopher Smith's trial for driving under the influence of alcohol and other related offenses, the State gave notice that it would present similar transaction evidence in testimony by

two deputy sheriffs from Oregon. The State subsequently filed a motion to compel payment of witness fees under OCGA § 17-11-2. Smith opposed the motion, specifically objecting to the imposition on him of the costs of lodging and airfare for the out-of-state witnesses. After his conviction, the trial court included in the sentence a judgment against Smith for $1,144 for those costs. The Court of Appeals affirmed that judgment (*Smith v. State*, 236 Ga. App. 548 (512 SE2d 19) (1999)) and this Court granted the writ of certiorari, posing the following question:

> Whether the Court of Appeals erred in holding that the expenses for airline tickets and hotel accommodations incurred in connection with the appearance of the two Oregon officers as witnesses for the State were assessable against the defendant as "costs accruing in the . . . trial courts" under OCGA section 17-11-1.

The Court of Appeals held in this case that "hotel and airline ticket costs . . . come within the meaning of 'all costs accruing in the . . . trial courts.' OCGA § 17-11-1." 236 Ga. App. at 553. However, in *Walden v. State*, 258 Ga. 503 (371 SE2d 852) (1988), this Court disagreed with a similarly broad interpretation of that phrase and held that the only costs which may be imposed on a criminal defendant are those which are specifically authorized by statute to be assessed against a defendant.

The specific costs at issue here are lodging and airfare expenses incurred in bringing two law enforcement officers from another state to testify at Smith's trial. Just as there was no statutory authorization for charging a defendant with jurors' fees and bailiffs' fees in *Walden*, supra, there is no specific statutory authorization for assessing a criminal defendant for the lodging and airfare costs of witnesses for the State. OCGA §§ 17-11-2, 24-10-24, and 24-10-27 provide for witness fees and travel expenses, but none of those sections provides expressly for the expenses sought here. Although OCGA § 24-10-24 provides for the payment of witnesses' travel expenses at the rate of 20¢ per mile "by the nearest practical route," and OCGA § 24-10-27 provides for payment under certain circumstances to law enforcement officers of a witness fee of $20 per day, neither section provides for lodging or airfare expenses. In *Peters v. State of Ga.*, 9 Ga. 109 (1) (1850), this Court held that a provision authorizing a mileage charge for transporting a prisoner did not authorize a charge for railroad fare. Allowing for the difference in transportation technology, that holding is directly applicable to the charge for airfare in the present case, and applies equally, by analogy, to the charge for lodging: there is a statutory witness fee, but not a statutory witness

lodging fee. Under this Court's ruling in *Walden*, supra, the costs for lodging and airfare were not properly assessable against Smith.

In addition to a lack of specific authority for the charges assessed in this case, we note that the record does not support the assessment of any of the statutorily authorized charges for the costs of witnesses. The permissible costs for witnesses provided for in OCGA §§ 17-11-2, 24-10-24, and 24-10-27 all contemplate that the witnesses in question be subpoenaed, and the latter two sections call for the submissions of affidavits concerning the entitlement of the witnesses to the fees. The record of this case does not show that the witnesses from Oregon were subpoenaed* or that the necessary affidavits were submitted. The State's argument that the witnesses were "compellable" under The Uniform Act to Secure the Attendance of Witnesses from Without the State (OCGA § 24-10-90 et seq.) begs the question because the record does not show that these witnesses were compelled to attend by means of the procedure provided for by that Act.

Since there is no statutory authority for the specific charges involved in this case, and the record does not support the assessment of any of the statutorily authorized fees which might have been assessed, the Court of Appeals erred in affirming the trial court's entry of judgment against Smith in the amount of $1,144 for costs.

*Judgment reversed. All the Justices concur, except Sears, J., who concurs in the judgment only.*

DECIDED FEBRUARY 14, 2000.

*Monte K. Davis*, for appellant.
*Keith C. Martin, Solicitor*, for appellee.

---

* Compare *Smith v. State*, 262 Ga. 67 (414 SE2d 653) (1992), where this Court ordered stricken an assessment of costs for "the deputy clerk, the bailiffs, [and] the jurors," but left untouched an assessment of costs for "out-of-state subpoenaed witnesses."