## A00A1487. GREEN v. THE STATE.
(536 SE2d 240)

ELDRIDGE, Judge.

Shelm Green appeals from a Fulton County jury's verdict finding him guilty of vehicular homicide with driving under the influence of alcohol ("DUI") as the underlying cause; DUI — less safe driver; failing to stop at the scene of an accident; and driving on the wrong side of the road. The charges arose from a December 21, 1996 incident wherein Green, while intoxicated, drove his beige Chevrolet Malibu southbound in a northbound lane of Interstate 85, striking several cars and causing the death of 12-year-old Jamie Chapman. He appeals, challenging (1) the sufficiency of the evidence of his intoxication to support a DUI conviction, and (2) the admission of the State's similar transaction evidence. Having reviewed the record in relation to Green's enumerated errors, we affirm his convictions.

1. On appeal the evidence must be viewed in the light most favorable to support the verdict, and Green no longer enjoys a presumption of innocence. "The jury's verdict must be upheld if any

---

[8] Compare *Trotzier v. McElroy*, 182 Ga. 719 (186 SE 817) (1936).

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citations and punctuation omitted.) *Kidd v. State*, 241 Ga. App. 446 (526 SE2d 916) (1999).

In this case, contrary to Green's contentions, the evidence of his intoxication was ample. Over and above the inference that can be drawn from Green's traveling the wrong way on I-85, a doctor who treated Green on the scene testified that he smelled alcohol on or around Green's person; that Green was "struggling to keep balance" and was weaving when he walked; that Green's behavior was irrational; and that, in his opinion, Green was under the influence of alcohol. A trained Emergency Medical Technician stopped at the accident scene to render aid; he made contact with Green and testified that he smelled alcohol on or around Green's person and that, in his opinion, Green was acting as if he was under the influence of alcohol. A witness who arrived on the scene shortly after the accident occurred testified that he saw Green leave his wrecked Malibu and climb up the embankment on the side of I-85; the witness testified that when he approached Green's abandoned car, it smelled like alcohol. The officer who eventually located Green hiding in some nearby woods testified that Green smelled like alcohol; he could barely stand up; he staggered when he walked; his speech was slurred; his eyes were glazed; and that, in his opinion, Green "was drunk." In addition, weeks later, Green told a police officer from Lucedale, Mississippi, that "he had got to drinking and lost his head bad and was driving on the wrong side of the interstate and had a wreck and killed someone."

Green argues that the above evidence is circumstantial; that no one actually saw Green drink anything; and that no chemical tests were conducted. However, that the above evidence may be "circumstantial" makes it no less powerful when the circumstances proved lead directly to the conclusion that Green was intoxicated. We recognize the longstanding principle embodied in OCGA § 24-4-6 that "[t]o warrant a conviction on circumstantial evidence [alone], the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." But when an alternate hypothesis is put before a jury, it is that deliberative body which decides whether or not such hypothesis is "reasonable" under the circumstances. *Roper v. State*, 263 Ga. 201 (1) (429 SE2d 668) (1993). And when the jury *rejects* an alternative hypothesis in favor of the State's evidence of guilt, this Court is not authorized to reweigh the evidence, and we will not reverse unless the verdict of guilty is unsupportable as a matter of law. *Clark v. State*, 271 Ga. 27, 28-29 (1) (518 SE2d 117) (1999).

Here, the evidence of Green's intoxication may indeed have been circumstantial in nature, but (a) the defense put up no evidence of a reasonable alternative hypothesis, and (b) the arguments that were

offered by the defense were rejected by the jury. Since the evidence was sufficient for any rational trier of fact to find that Green was intoxicated so as to support a DUI conviction, this enumeration of error is without merit. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Green contends that "since there was no solid evidence of intoxication" in this case, the State impermissibly implicated his character by introducing as a similar transaction Green's prior guilty plea to DUI. We find this contention meritless. The "solidness" of the evidence of Green's intoxication was a jury question decided adversely to Green. The evidence of his prior DUI was admissible as a similar transaction to demonstrate Green's bent of mind and course of conduct in driving a vehicle after drinking alcohol to the extent that it was less safe for him to drive.

> Evidence of a prior DUI offense, regardless of the circumstances surrounding its commission, is logically connected with a pending DUI charge as it is relevant to establish that the defendant has the bent of mind to get behind the wheel of a vehicle when it is less safe for him to do so.

(Citations omitted.) *Smith v. State*, 236 Ga. App. 548, 552 (3) (512 SE2d 19) (1999), rev'd on other grounds, 272 Ga. 83 (526 SE2d 59) (2000).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 22, 2000.

*Elaine T. McGruder*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Elizabeth A. Baker, Phyllis M. Burgess, Assistant District Attorneys*, for appellee.