### A02A0899. McCLAM v. THE STATE.
(570 SE2d 380)

BARNES, Judge.

A jury convicted Rollin McClam of three counts of armed robbery, one count of kidnapping, and three counts of possession of a firearm by a convicted felon. He appeals, contending that insufficient evidence supports the convictions. Based on this contention, he alleges that the trial court erred in dismissing his motion for a new trial. For the reasons that follow, we affirm.

We view the evidence in the light most favorable to the verdict, no longer presuming the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997).

Viewed in the light most favorable to the verdict, the evidence at trial established that on February 16, 1996, two men robbed Grandpa's Store, a small grocery store in Gwinnett County, while holding an employee at gunpoint. The employee testified that he knew McClam as a regular customer but did not see or hear him during the robbery. On March 8, 1996, two men followed a manager of the Piccadilly Cafeteria in Gwinnett County to his home in Cobb County, kidnapped him at gunpoint, and, after driving the victim back to the restaurant, robbed the Piccadilly. After the robbery, the victim's keys were given back to him and the robbers left the restaurant.

On July 1, 1996, two men kidnapped the manager of a Ryan's Steakhouse from his home, forcing him into his own car at gunpoint. The men attempted to use the victim's ATM card to withdraw funds from his bank account, but were unsuccessful. Afterward, they took the victim to Ryan's and robbed the restaurant. The men drove the victim to a nearby parking lot, left him in his car, and informed him where he could locate his keys once they were gone.

Demetrius Shelby and Octavian Brown both pled guilty to the armed robbery charges. Shelby and Brown were sentenced and agreed to testify against their co-defendant, McClam. Shelby testified that he and Brown rode in defendant's car to all three restaurants, the victims' homes, and back to the restaurants for each of the kidnappings and robberies. He also testified that McClam's car was used as the getaway car in every instance. He further testified that defendant was aware of his participation in the crimes, helped in the planning, and shared in the proceeds. Shelby informed the court that the suggestion to rob the Piccadilly came from McClam, who knew how much money would be on the premises since he was an employee of the restaurant. He also testified that McClam had a contact who helped provide information on the Ryan's Steakhouse as well.

Brown testified that McClam was present at all three robberies and provided inside information on the Piccadilly they robbed because he was an employee of the restaurant, thus corroborating Shelby's testimony. Brown further testified that McClam's car was used in all the robberies, including that of a DeKalb County Piccadilly in May 1996.

The first victim testified that he knew defendant as an employee of his and that he noticed a white Grand Prix following him home from the restaurant on the night of the robbery. He later informed

the police that McClam owned a similar car. Another witness also testified he heard McClam boast about committing the armed robberies.

On cross-examination, the defendant had ample opportunity to discredit the witnesses' testimony. He offered evidence describing the criminal background of the co-defendants and raised issues concerning the accuracy of the first victim's identification of the defendant's car.

McClam argues that his conviction is based upon circumstantial evidence and that none of the evidence places him at the scene of the crimes.

OCGA § 24-4-6 provides that "[t]o warrant a conviction on circumstantial evidence [alone], the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." When an alternative hypothesis is offered, it is for the jury to decide whether that hypothesis is reasonable. *Green v. State*, 244 Ga. App. 565, 566 (1) (536 SE2d 240) (2000). Two co-defendants testified to McClam's involvement, a witness heard McClam make an incriminating statement, and a victim positively identified McClam's car. Even if the evidence is circumstantial, the defendant's argument that the crimes were committed by his co-defendants only was clearly rejected by the jury. The trial court charged the jury on every applicable theory including the credibility of witnesses and direct and circumstantial evidence. The rejection of an alternative hypothesis in favor of the State's evidence of guilt by a jury does not give this court the authority to reweigh the evidence and reverse unless the verdict is unsupportable as a matter of law. *Green v. State*, supra, 244 Ga. App. at 565.

We conclude that the evidence as outlined above was sufficient for a rational trier of fact to find McClam guilty beyond a reasonable doubt of armed robbery, kidnapping, and possession of a firearm by a convicted felon. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Therefore, the enumeration of error is without merit.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 19, 2002.

*Xavier C. Dicks*, for appellant.
*Daniel J. Porter, District Attorney, Donald P. Geary, Assistant District Attorney*, for appellee.