A05A2228. SENIOR v. THE STATE.
(626 SE2d 169)

BERNES, Judge.
Following a bifurcated jury trial, a Muscogee County jury convicted Oscar Senior of one count of possession of a firearm by a convicted felon, OCGA § 16-11-131 (b). Senior's sole enumeration of error on appeal is that the State's evidence was insufficient to prove that he possessed a "firearm" within the meaning of OCGA § 16-11-131. We find Senior's argument to be without merit and therefore affirm his conviction.

Georgia law prohibits the possession of a firearm by a convicted felon. OCGA § 16-11-131. The term "firearm" includes "any handgun, rifle, shotgun, or other weapon which will or can be converted to expel a projectile by the action of an explosive or electrical charge." OCGA § 16-11-131 (a) (2). This Court has previously declined to interpret

---

[4] (Citation and punctuation omitted.) *Johnson v. State,* 195 Ga. App. 56, 58 (1) (b) (392 SE2d 280) (1990).

Georgia's statute to require proof that a weapon found in the possession of a convicted felon is actually functional when that weapon is one that is enumerated within the statutory definition of a firearm, i.e., a handgun, rifle or shotgun. *Bryant v. State*, 169 Ga. App. 764, 764 (1) (315 SE2d 257) (1984). See also *Thomas v. State*, 226 Ga. App. 441, 443 (4) (487 SE2d 75) (1997). We also decline to do so now. Thus, in order to support Senior's conviction, the State needed only to prove that Senior was a convicted felon and possessed a firearm as defined above. It did so.

Viewed in the light most favorable to the verdict, *Green v. State*, 244 Ga. App. 565 (1) (536 SE2d 240) (2000), the evidence presented at trial shows that, on May 16, 2003, an officer conducting an investigation involving Senior went to a trailer home in search of him. A woman in the trailer confirmed that Senior was there and allowed the officer to enter. The officer found Senior lying in bed with a stolen antique shotgun. At that time, Senior was a felon, having previously been convicted of two counts of criminal damage to property and a single count of possession of cocaine.

This evidence alone is sufficient to sustain Senior's conviction. *Bryant*, 169 Ga. App. at 764 (1). That the State did not offer any evidence to prove whether the shotgun was operational at the time Senior possessed it is irrelevant to our analysis. Id. Accordingly, we affirm.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JANUARY 10, 2006.

*John R. Mobley II*, for appellant.

*J. Gray Conger, District Attorney, Ragen D. Marsh, Assistant District Attorney*, for appellee.