# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 5, 2013

Lyle W. Cayce
Clerk

No. 12-40938
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE FELIX GUTIERREZ-ROSTRO, also known as Felix Rostro-Gutierrez, also known as Felix Felix Gutierrez-Rostro,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-247-1

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Felix Gutierrez-Rostro appeals the sentence imposed for his conviction for illegal reentry into the United States. His advisory Guidelines sentencing range was 27 to 33 months' imprisonment, and the district court sentenced him to, *inter alia*, 84 months' imprisonment, a sentence the court characterized as: an upward departure based on underrepresentation of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gutierrez' criminal history; and an upward variance based on the sentencing factors under 18 U.S.C. § 3553(a).

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48-51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Gutierrez first contends the court erred in concluding his 2000 Georgia conviction for possession of a firearm by a convicted felon constituted an aggravated felony for application of the eight-level enhancement pursuant to Guideline § 2L1.2(b)(1)(C). The Guideline's commentary provides that "aggravated felony" under § 2L1.2(b)(1)(C) "has the meaning given that term in 8 U.S.C. 1101(a)(43)". U.S.S.G. § 2L1.2 cmt. n.3(A). Among the offenses defined as an aggravated felony under § 1101(a)(43) is "an offense described in" 18 U.S.C. § 922(g)(1). 8 U.S.C. § 1101(a)(43)(E)(ii). Gutierrez' Georgia conviction occurred pursuant to Georgia Code § 16-11-131. The relevant inquiry is whether, under the categorical approach, the elements of § 16-11-131 sweep more broadly than the offense described in § 922(g)(1). *See, e.g.*, *United States v. Hernandez-Galvan*, 632 F.3d 192, 197 (5th Cir. 2011) (if prior offense of conviction sweeps more broadly than generic definition of terms used in Guidelines, conviction does not fall within enumerated category). Section 922(g)(1) prohibits, *inter alia*, any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" from "possess[ing] in or affecting commerce, any firearm or ammunition".

According to Gutierrez, § 16-11-131 sweeps more broadly than § 922(g)(1) because § 16-11-131 prohibits a felon from possessing an antique firearm,

whereas § 922(g)(1) does not.  Because Gutierrez did not object on this ground in district court, review is only for plain error.  *E.g.*, *United States v. Chavez-Hernandez*, 671 F.3d 494, 497-98 (5th Cir. 2012).  To show reversible plain error, Gutierrez must show a forfeited error that is clear or obvious and that affects his substantial rights.  *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009).  He fails to do so.

Gutierrez has identified no precedent indicating § 16-11-131 encompasses conduct beyond the scope of the offense described in § 922(g)(1).  Although he cites *Senior v. State*, 626 S.E.2d 169 (Ga. Ct. App. 2006), the dispute in *Senior* concerned only whether a shotgun need be functional to constitute a firearm under § 16-11-131.  *See id.* at 170.  The Georgia court's characterizing the shotgun as an antique does not demonstrate clear or obvious error in concluding the offense under § 16-11-131 constituted an offense described in § 922(g)(1).

For the next claimed procedural error, Gutierrez contends the court erred by not granting the additional one-level reduction for acceptance of responsibility under Guideline § 3E1.1(b), asserting the Government improperly declined to move for the reduction because he refused to waive his right to appeal.  He acknowledges this issue is foreclosed by circuit precedent, and presents it only to preserve it for possible further review.  *See United States v. Newson*, 515 F.3d 374, 378 (5th Cir. 2008).

Finally, Gutierrez contends his sentence is substantively unreasonable because the district court failed to give mitigating weight to his alcohol problems and consider treatment for alcohol in lieu of such a lengthy imprisonment term.  The record reflects the court was aware of Gutierrez' alcohol issues, but determined an 84-month sentence was appropriate in the light of his criminal history and the § 3553(a) factors, particularly the need for deterrence and to protect the public from future crimes by Gutierrez.  "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with

respect to a particular defendant". *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

AFFIRMED.