**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 20, 2016**

# In the Court of Appeals of Georgia

A16A0188. MALONE v. THE STATE.

MCMILLIAN, Judge.

William Malone was convicted by a jury of possession of a firearm by a convicted felon in violation of OCGA § 16-11-131. He appealed to this Court, but his appeal was dismissed for failure to timely file his brief on appeal. Following the return of the remittitur, the trial court granted Malone's motion for out-of-time appeal and appointment of new appellate counsel. New appellate counsel filed an amended motion for new trial, which the trial court denied. Malone then timely filed this appeal, asserting in his sole enumeration of error that the evidence was insufficient to support his conviction. As more fully set forth below, we now affirm.

Construed to support the jury's verdict,[1] the evidence shows that at approximately 11:30 p.m. on November 20, 2013, Officer Brian Notestine with the Gwinnett County Police Department stopped the driver of a silver Mercedes, subsequently identified as Malone, because of a tag violation. Officer Notestine approached the driver's side of the vehicle and obtained Malone's driver's license. During the process of checking Malone's driver's license, which was valid, Officer Notestine discovered that there was an outstanding warrant for Malone's arrest. Officer Notestine also confirmed that at the time of the stop, Malone, who was sometimes employed as a driver for a vehicle transportation company, was driving the Mercedes from an automobile auction to an automobile dealership for his employer.

Officer Notestine placed Malone under arrest and then patted him down before placing him in the back of the police car. During the pat-down, Officer Notestine found seven .380 caliber bullets in Malone's exterior right front jacket pocket. Officer Notestine proceeded to conduct a walk-around search of the Mercedes, and looking in from the passenger side, saw a black and chrome object protruding up about two inches between the front console and seat. Officer Notestine stated that based on his

[1] *Jackson v. Virginia*, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2

knowledge, training and experience, he believed the object to be a grip of a handgun, so he opened the car door and retrieved the object, which was subsequently identified as a Lorcin model L380.

Officer Notestine cleared the weapon and found that the magazine of the gun was fully loaded with seven .380 caliber rounds. The inside of the vehicle was searched, and two more bullets were found on the floorboard of the front passenger seat, which made a total of 16 bullets recovered by police. However, only 14 bullets were introduced into evidence at trial, and Officer Notestine testified that the evidence introduced at trial was all the evidence found by police.

The owner of the transportation company and the service manager of the auction facility also testified at trial. The service manager explained that each vehicle purchased at auction is visually inspected before it is allowed to leave the auction yard, and that this inspection includes the floorboards and seats of the interior of the car as well as the trunk. The transportation company owner confirmed this process and also explained that for certain sales the purchaser has the option of a post-sale inspection, which includes a more thorough inspection of the inside and outside of the car. He stated that such an inspection was performed on the silver Mercedes Malone was driving at the time of the stop.

3

On appeal, Malone argues that the evidence was insufficient to show he was in possession of the gun and that all the State showed was that he was simply the last person to be in possession of the car in which the gun was found.[2] To support his argument, he points to certain discrepancies in the evidence, such as the fact that Officer Notestine testified that he recovered a total of 16 bullets out of the car, but only 14 bullets were introduced into evidence, and to the fact that numerous other people had access to the vehicle during the auction process. These arguments, however, are unavailing. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, [the appellate court] must uphold the jury's verdict." *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004). And it was for the jury, not this Court, to determine the credibility of the witnesses and to resolve any conflicts and inconsistencies in the evidence. Id. The evidence presented at trial showed that the gun was found in close physical proximity to Malone and that he had in his pocket the exact number of the proper caliber bullets to completely reload the gun. And although others had access to the car before he took possession of it, the evidence authorized the conclusion that

---

[2] It was stipulated at trial that Malone had previously been convicted of a felony.

the car had been visually inspected at a point close in time to when Malone had sole access to the inside of the vehicle and no weapons had been observed. This and other evidence presented at trial was sufficient to authorize a rational trier of fact to find Malone guilty beyond a reasonable doubt of the crime of possession of a firearm by a convicted felon. *Senior v. State*, 277 Ga. App. 197, 197-98 (626 SE2d 169) (2006) (to support a conviction for possession of a firearm by a convicted felon, the State need only prove that the accused is a convicted felon and in possession of a firearm as defined in 16-11-131 (a) (2)). Accordingly, Malone's sole enumeration of error on appeal is without merit, and the judgment is affirmed.

*Judgment affirmed. Miller, P. J., and McFadden, J., concur*.