# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50691
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ANTONIO AGUERO AGUILAR,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-378-1

Before HIGGINBOTHAM, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Juan Antonio Aguero Aguilar appeals the 24-month sentences imposed following his guilty plea convictions for illegal reentry and false personation in immigration matters. Relevant to this appeal, at sentencing, Aguilar received an eight-level enhancement for having been previously deported following a conviction of an aggravated felony. He challenges this enhancement by arguing that his prior conviction under Georgia Code Annotated § 16-11-131

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50691

was not an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C) because the Georgia statute defines a prior felony conviction more broadly than does 18 U.S.C. § 922(g)(1) (the statute referenced in the guidelines).[1]  Specifically, he argues that Georgia law defines a felony as a crime punishable by "'one year or more'" in prison, whereas § 922(g)(1) criminalizes possession of a firearm by an individual previously convicted of "'crime punishable by imprisonment for a term *exceeding one year*.'"  (emphasis added).

Because Aguilar did not raise this specific objection in the district court, we review only for plain error.  *United States v. Escalante-Reyes,* 689 F.3d 415, 419 (5th Cir. 2012)(en banc)(explaining the elements of plain error review). The term "aggravated felony," for purposes of § 2L1.2(b)(1)(C), "has the meaning given that term in 8 U.S.C. 1101(a)(43)." § 2L1.2 comment. (n. 3(A)). Among the offenses that constitute an aggravated felony under 8 U.S.C. § 1101(a)(43) is "an offense described in" § 922(g)(1).  § 1101(a)(43)(E)(ii).

Generally, to determine whether a prior state conviction constitutes an aggravated felony, we use a categorical approach, reviewing the statutory elements of the prior state conviction (rather than the underlying facts) to determine whether the state offense necessarily constitutes an aggravated felony.  *See Nieto Hernandez v. Holder*, 592 F.3d 681, 684, 686 (5th Cir. 2009); *United States v. Gutierrez-Rostro,* 537 F. App'x 586, 586-87 (5th Cir. 2013) (addressing whether § 16-11-131 swept more broadly than § 922(g)(1), and therefore did not constitute an aggravated felony for purposes of § 2L1.2(b)(1)(C), because § 16-11-131 prohibited possession of antique firearms).  If a statute has disjunctive subsections, we apply a modified

---

[1]  Aguero also argues that his § 2L1.2(b)(1)(C) enhancement is improper because § 16-11-131 does not include an interstate commerce element; in his initial brief, he conceded that this argument is foreclosed by this court's decision in United States v. *Nieto Hernandez*, 592 F.3d at 681, 684-86 (5th Cir. 2009).  Since that time, the Supreme Court rejected this argument in *Torres v. Lynch*, 136 S. Ct. 1619, 1622-23 (2016).

No. 15-50691

categorical approach to ascertain under which statutory subsection the defendant was convicted. *Descamps v. United States*, 133 S. Ct. 2276, 2283-86 (2013).

Both parties agree that this case presents an issue of first impression in this court. The parties also engage in a complex analysis of the statutes, and they disagree about whether the definition of felony as "exceeding" one year or "one year or more" is even subject to the categorical or modified categorical approach. While the fact that a case is one of first impression does not preclude a finding of plain error, where, as here, the questions and relevant analytical framework are both complex and unanswered, the error, if any, is not plain. *See United States v. Bishop*, 603 F.3d 279, 281 (5th Cir. 2010); *United States v. Ellis*, 564 F.3d 370, 377 (5th Cir. 2009)(where court has to "traverse" a complex "decisional path," any resulting error is not "plain"). We AFFIRM.